IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| MARY V. WILLIAMS and           )<br>TERRENCE D. MERRIWEATHER,    )<br>on behalf of themselves      )<br>and all others similarly     )<br>situated,                     )<br>                              )<br>    Plaintiffs,               )<br>                              )<br>    v.                        )<br>                              )<br>                              )<br>NATIONAL SECURITY             )<br>INSURANCE COMPANY,            )<br>                              )<br>    Defendant.                )  | CIVIL ACTION NO.<br>1:02cv877-MHT<br>       (WO) |

FINAL JUDGMENT AND INJUNCTION

In accordance with the memorandum opinion entered today in this case, as well as the preliminary approval order and preliminary injunction entered December 12, 2005 (Doc. No. 137), it is the ORDER, JUDGMENT, and DECREE of the court that the parties' joint motion for certification of a mandatory class for settlement purposes only and for final approval of a proposed settlement of all claims that could be asserted by

members of the stipulated class (Doc. No. 124) is granted as follows:

(1) The court grants final approval of the settlement of this class action on the terms set forth in the parties' stipulation of settlement, as amended and with all exhibits attached thereto (collectively, the "stipulation").

(2) The notice accorded to class members under the stipulation was the best notice practicable under the circumstances, and was reasonably calculated to apprise, and in fact did fairly and reasonably apprise, class members of the following: the pendency of this action; the terms of the proposed stipulation; the right of class members to object to the proposed settlement and to appear at the fairness hearing; and the right of class members to submit claims.  The notice was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice and fully complied with all applicable requirements of Fed.R.Civ.P. 23, the United States Constitution, (including the Due Process

Clause), the Alabama Constitution, and any other applicable law.

(3) The class, consisting of the following persons (the "class members") is granted final certification for settlement purposes pursuant to Fed.R.Civ.P. 23(b)(1)(B) and (2):

> "All natural persons who ever purchased, paid for, owned, were insured under, or had any ownership, beneficiary, or other legal interest of any kind including estates, legatees and heirs at law of the foregoing in any Race-Distinct Life Insurance, Endowment or Merchandise Burial Insurance Policy, or other Race-Distinct life insurance policy issued or assumed by National Security Insurance Company and insuring a member of a Racial Minority.  Members shall not include Excluded Persons and Entities."

However, the class certified by this court does not include any entity that is not a natural person (such as, without limitation, a funeral home, creditor, institutional assignee), and any person or entity that was heretofore made an assignee of the benefits of, or is not an owner, beneficiary, insured, premium payor, or

heir to the proceeds of, a policy covered by the stipulation.

(4) The foregoing paragraph supercedes and replaces any prior class certification orders in this action. Except as otherwise specifically set forth in the preceding paragraph, the court finds that all members of the class as defined above: are class members; are subject to this court's continuing personal jurisdiction and subject-matter jurisdiction for purposes of the matters addressed by the stipulation; and, are bound by the terms and conditions of the stipulation and by this final judgment, as are their heirs, executors, administrators, successors, and assigns. The court also finds that it has subject-matter jurisdiction to approve this settlement agreement and all exhibits thereto.

(5) The parties' stipulation is fair, reasonable, and adequate, and is conservative of the best interests of the members of the class. Further, it is fully consistent and in compliance with all requirements of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Alabama Constitution, and any other applicable law. Accordingly, it is approved in its entirety.

(6) Defendant National Security Insurance Company is enjoined to reform all race-distinct policies in compliance with the terms of the settlement stipulation to enhance the benefits under those policies to a non-discriminatory level, as provided by the terms of the stipulation, said equitable relief being structured to provide full relief to the class and to protect the financial health of defendant National Security Insurance Company.

(7) All claims of class members and the class representative in the above-captioned action are dismissed on the merits, with prejudice, according to the terms (including the release addressed in ¶ 10 below) set forth in the parties' stipulation and in the court's memorandum opinion approving the class-action stipulation, without fees or costs to any party except as provided herein.

(8) The stipulation as herein approved is binding on plaintiffs and all other class members, as well as their heirs, executors and administrators, successors and assigns, and as to all claims and issues that have or could have been raised in this action.  The stipulation has res judicata and other preclusive affect in all pending and future lawsuits or other proceedings encompassed by the release maintained by or on behalf of plaintiffs and all other class members, as well as their heirs, executors and administrators, successors and assigns.

(9) Class counsel and the class representatives have fairly and adequately represented the members of the class in all respects.

(10) The release set forth in § VII of the stipulation is approved, incorporated herein by reference, and made effective as of the "effective date" defined in the stipulation.  On the same date, counsel for related plaintiffs--that is, plaintiffs involved in cases listed at exhibit E to the stipulation of

settlement--shall enter stipulations dismissing with prejudice those cases listed at exhibit E of the stipulation.

(11) Defendant National Security Insurance Company, in consultation with class counsel without approval from the court, is authorized to implement the settlement before the effective date, in which case all provisions in the stipulation that specify actions to be taken on or after the effective date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date on which defendant National Security Insurance Company elects to implement the stipulation.

(12) All class members are permanently BARRED and ENJOINED from the following actions: (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (whether individually, as class members, or otherwise), or receiving any benefits or other relief from any other lawsuit or arbitration, or receiving any individual benefits from any administrative, regulatory, or other proceeding or order, in any jurisdiction, based

on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and the said release; and (ii) organizing any non-excluded class members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit based on or relating to the claims and causes of action, and the facts and circumstances relating thereto, in this action and the said release.  The released parties as defined in the stipulation and said release shall be entitled to seek appropriate relief from this court for any violation of this injunction, as set forth in the stipulation, and this court retains exclusive continuing jurisdiction to enforce this injunction and this final judgment as a whole.

(13) All class members are further permanently BARRED and ENJOINED from: securing or maintaining any claims, pursuing any discovery from defendant National Security

Insurance Company or any third party, presenting evidence, or claiming any damages, whether compensatory or punitive, based on or encompassing, in whole or in part, the alleged practices and patterns that are the subject of this action and the said release. The released parties shall be entitled to seek appropriate relief from this court for any violation of this injunction, as set forth in the stipulation, and this court retains exclusive continuing jurisdiction to enforce this injunction and this final judgment as a whole.

    (14) Individual plaintiffs Mary V. Williams and Terrence D. Merriweather are each awarded $ 5,000.00 and plaintiff Fannie Fields is awarded $ 2,500.00 in addition to their settlement benefits, to be paid by defendant National Security Insurance Company, in recognition of their efforts in bringing and prosecuting this action and the results obtained, all payable in accordance with the stipulation.

(15) Counsel of record for the class are awarded $ 523,000.00 as attorneys' fees and reimbursement for all past and future time and expenses.  In accordance with the stipulation, the firm of Watson, Jimmerson, Martin, McKinney, Graffeo & Helms, P.C., in their sole discretion, shall allocate and distribute this award of attorneys' fees and expenses among counsel for the class, the plaintiffs and for related plaintiffs involved in cases listed in exhibit E of the stipulation.

(16) The parties and class counsel are ENJOINED and DIRECTED to implement and comply with the stipulation according to its terms and provisions.  The parties and class counsel may by mutual written agreement, without further approval of the court, agree to and adopt any amendments, modifications, expansions, or clarifications of the stipulation which (i) are not materially inconsistent with the final judgment of this court, and (ii) do not materially limit the rights of class members under the stipulation.  The court retains jurisdiction over the above-captioned action and all aspects of the

stipulation and this final judgment, including but not limited to continuing jurisdiction for the purposes of appeal as to all matters relating to the administration and consummation of the settlement agreement, and to enforce and interpret all orders and injunctions entered in this action, the settlement agreement, the release contained in the stipulation, and this final judgment, and for the additional purposes set forth in the stipulation.

(17) There being no just reason for delay, the clerk of the court is DIRECTED to enter final judgment as set forth herein.  All other pending motions are denied as moot.  The clerk of the court is directed to close this file.

DONE, this the 30th day of August, 2006.


　　　　　　　　　　　　　　　　 /s/ Myron H. Thompson
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE